UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID L. HASBROUCK, derivatively on behalf of GALECTIN THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PETER G. TRABER, JAMES C. CZIRR, JACK W. CALLICUTT, GILBERT F. AMELIO, KEVIN D. FREEMAN, ARTHUR R. GREENBERG, ROD D. MARTIN, JOHN F. MAULDIN, STEVEN PRELACK, HERMAN PAUL PRESSLER, III, and DR. MARC RUBIN, <br><br> Defendants, <br><br> and <br><br> GALECTIN THERAPEUTICS, INC., <br><br> Nominal Defendant. | Case No.: <br> 3:14-CV-00402-HDM-VPC |

**STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE**

(captions continue onto next page)

KAEMPFER CROWELL
510 West Fourth Street
Carson City, Nevada 89703

|   |   |   |
|---|---|---|
| SUI YIP, derivatively on behalf of GALECTIN THERAPEUTICS, INC., | ) ) ) |   |
| Plaintiff, | ) ) |   |
| v. | ) ) | Case No.: |
| PETER G. TRABER, JACK W. CALLICUTT, JAMES C. CZIRR, ROD D. MARTIN, GILBERT F. AMELIO, STEVEN PRELACK, KEVIN D. FREEMAN, ARTHUR R. GREENBERG, JOHN F. MAULDIN, PAUL PRESSLER and MARC RUBIN, | ) ) ) ) ) ) ) | 2:14-CV-01383-JCM-PAL |
| Defendants, | ) ) |   |
| and | ) ) |   |
| GALECTIN THERAPEUTICS, INC., | ) ) |   |
| Nominal Defendant. | ) ) |   |

COMES NOW, DAVID L. HASBROUCK, SUI YIP, PETER G. TRABER, JAMES C. CZIRR, JACK W. CALLICUTT, GILBERT F. AMELIO, KEVIN D. FREEMAN, ARTHUR R. GREENBERG, ROD D. MARTIN, JOHN F. MAULDIN, STEVEN PRELACK, HERMAN PAUL PRESSLER, III, MARC RUBIN, and GALECTIN THERAPEUTICS, INC., by and through their attorneys of record, and hereby stipulate and agree as follows:

1. The two above-captioned actions are each shareholder derivative actions brought against the same set of Defendants—certain officers and directors of Galectin Therapeutics, Inc. ("Galectin") with Galectin as a nominal defendant—alleging claims for breach of fiduciary duties in connection with alleged false and misleading public statements and/or omissions concerning Galectin's business, operations, prospects, and performance;

2. The above-captioned actions involve the same subject matter and common questions of law and fact, including, but not limited to, the following: (i) whether Galectin made

Page 2

public statements that contained false statements of material fact or omitted material facts making the statements misleading; (ii) whether the Galectin officers and directors named as defendants (the "Individual Defendants") breached their fiduciary duties; (iii) whether and to what extent the alleged breaches of fiduciary duties caused Galectin to suffer damages and the appropriate measure of any such damages; and (iv) whether certain of the Individual Defendants were unjustly enriched;

3. Plaintiffs in both of the actions and Defendants agree that the actions should be consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure as part of *In re Galectin Therapeutics, Inc. Derivative Litigation*, Lead Case No. 3:14-CV-00402-HDM-VPC;

4. Plaintiffs agree that the appointment of Co-Lead Counsel will promote the efficient prosecution of the consolidated action;

5. While defendants also support the appointment of lead counsel who will be responsible for coordinating plaintiffs' efforts in these actions they do not, at this time, take any position concerning which law firm(s) should be appointed as lead counsel. Defendants do not waive, and hereby expressly reserve, their right to challenge the suitability of any appointed lead plaintiff or lead counsel on any ground, including that such person does not satisfy the standards set forth in Federal Rule of Civil Procedure 23.1; and

6. The time for Defendants to answer or otherwise respond to the complaints filed in the above-captioned actions has not yet passed.

THEREFORE, IT IS HEREBY ORDERED as follows:

8. The above-captioned actions, which involve the same subject matter, same Defendants, and common questions of law and fact, are related actions that, in the interests of

justice and efficiency are hereby consolidated for all purposes, including pre-trial proceedings and trial, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

9. The Clerk shall maintain a master file under the caption *In re Galectin Therapeutics, Inc. Derivative Litigation*, Lead Case No. 3:14-CV-00402-HDM-VPC (the "Consolidated Action"). Any and all other shareholder derivative lawsuits that have been or are in the future filed against any of the Defendants arising out of the same nucleus of operative facts as those alleged in the above-styled actions, including any such derivative lawsuits transferred to this District from another United States District Court, shall, until further Order of this Court, be consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure into the Consolidated Action, and this Order shall apply thereto. The Clerk is directed to inform counsel in any such other case of this Order. Nothing in the foregoing shall be construed as a waiver of the parties' right to object to the consolidation of any subsequently-filed or transferred related action.

10. All pleadings or papers hereafter filed with the Court in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| IN RE GALECTIN THERAPEUTICS, INC. DERIVATIVE LITIGATION | Lead Case No. 3:14-CV-00402-HDM-VPC |
|---|---|

11. When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "This Document Relates to" in the caption set out above. When a pleading or other court paper is intended to be applicable to only one, but not all, of such actions, the party filing the document

1  shall indicate the action to which the document is intended to be applicable by identifying the
2  named plaintiff and the docket number.

3    12. Co-Lead Counsel for plaintiffs for the conduct of this Consolidated Action shall
4  be Johnson & Weaver, LLP and The Weiser Law Firm, P.C. Plaintiffs' Co-Lead Counsel shall
5  have authority to speak for plaintiffs in matters regarding pre-trial procedure, trial and settlement
6  negotiations and shall make all work assignments in such manner as to facilitate the orderly and
7  efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

8    13. Plaintiffs' Co-Lead Counsel shall be responsible for coordinating all activities and
9  appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court.
10 No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed
11 by any plaintiff except through plaintiffs' Co-Lead Counsel.

12   14. Defendants' counsel may rely upon all agreements made with plaintiffs' Co-Lead
13 Counsel and such agreements shall be binding on all plaintiffs.

14   15. The terms of this Order shall not have the effect of making any person, firm, or
15 corporation a party to any action in which he, she, or it has not been named, served, or added as
16 such in accordance with the Federal Rules of Civil Procedure and other relevant authority.

17   16. Waiving only the defenses of insufficiency of process and insufficiency of service
18 of process, and expressly preserving all other defenses and rights, the undersigned Defendants'
19 counsel, on behalf of each named Defendant, acknowledge service of the complaint in each of
20 the above-captioned actions. Defendants are hereby expressly relieved from answering or
21 otherwise responding to these individual complaints or any complaint filed in any subsequent
22 civil action that is consolidated and/or transferred to this Court as part of *In re Galectin*
23 *Therapeutics, Inc. Derivative Litigation*, Lead Case No. 3:14-CV-00402-HDM-VPC. Following
24 consolidation, the parties will meet and confer regarding further scheduling.

KAEMPFER CROWELL
510 West Fourth Street
Carson City, Nevada 89703

17. The consolidation of the actions is for the procedural and administrative convenience of the Court and the parties and does not constitute a waiver or compromise of any right any of the parties would otherwise have.

The Stipulation of the parties (#30) is GRANTED.
IT IS SO ORDERED.

DATED this 10th day of September, 2014.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE